# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NO.: 1:18-CR-1-TLS |
| SHAWN BACON | |

**OPINION AND ORDER**

The Defendant, Shawn Bacon, is awaiting trial on drug and firearms-related offenses set forth in a ten-count Indictment. The Defendant previously filed a Motion to Suppress seeking suppression of all evidence that was confiscated during the December 20, 2017, search of his residence on High Street in Fort Wayne, Indiana. The home was searched pursuant to a search warrant, but the Defendant maintained that the warrant should not have been issued because the supporting affidavit was insufficient on its face to establish probable cause to believe that the evidence sought would be found at the residence. One of his main contentions was that the Confidential Informants (CIs) who were used during two separate controlled drug purchases received much of their information, as well as the drugs, from third party intermediaries. This was problematic, he argued, because the credibility of these third parties had not been vetted.

On September 19, 2018, the Court issued an Opinion and Order [ECF No. 42] denying the Defendant's Motion to Suppress. The Defendant has filed a Motion to Reconsider Opinion and Order of Court Denying Motion to Suppress and Motion for Evidentiary Hearing [ECF No. 48]. According to the Motion, the Government recently advised counsel for the Defendant that it had learned that the third-party purchasers had been arrested. Their arrests were related to the same drug transactions that were conducted as controlled buys and described in the probable cause affidavit for the Defendant's residence. The Defendant asserts that this new evidence

requires the Court to reconsider its previous ruling because the credibility of the third parties is further brought into question. He argues that

> the question whether [the acquaintances of the confidential informants] actually bought drugs from Bacon is crucial to the issue of whether the search warrant should have issued. Their arrest for drug dealing, which dealing apparently took place at or near the time of the alleged purchases from Bacon, certainly reflects on their credibility. This makes what Detective Wise knew about their conduct as well as what he informed the Magistrate about their reliability also crucial.

(Def.'s Mot. 4.)

The Defendant's Motion is without merit. First, it must be remembered that when an "affidavit is the only evidence presented to the warrant-issuing magistrate, 'the warrant must stand or fall solely on the contents of the affidavit.'" *United States v. Koerth*, 312 F.3d 862, 866 (7th Cir. 2002) (quoting *United States v. Roth*, 391 F.2d 507, 509 (7th Cir. 1967)). "A magistrate's 'determination of probable cause should be paid great deference by reviewing courts.'" *Illinois v. Gates*, 462 U.S. 213, 236 (1983) (quoting *Spinelli v. United States*, 393 U.S. 410, 419 (1969)). "[T]he duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." *Id.* at 238–39 (quotation marks, brackets, and ellipsis omitted). By relying on facts outside the affidavit, the Defendant's Motion to Reconsider does not acknowledge or adhere to this standard.

Out of an abundance of caution, the Court considers the Defendant's Motion as a request for a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978), to challenge the veracity of information in the search warrant affidavit. "To obtain a *Franks* hearing, the defendant must make a 'substantial preliminary showing' of (1) a material falsity or omission that would alter the probable cause determination, and (2) a deliberate or reckless disregard for the truth." *United States v. Glover*, 755 F.3d 811, 820 (7th Cir. 2014) (citing *United States v. McMurtrey*, 704 F.3d 502, 508 (7th Cir. 2013)). The Defendant has not met his burden on either element, despite the

2

reference questioning what Detective Wise knew when he obtained the search warrant. The Defendant has offered no evidence related to Detective Wise's state of mind as necessary to satisfy the second element. As will be explained below, even if Detective Wise knew that the middle men for the controlled drug purchases were going to be arrested, or that they were known drug dealers, that information is not material to the probable cause determination.

While it is accurate to say, as the Defendant argues, that whether the middle men obtained drugs from the High Street residence is a crucial issue, it does not follow that their arrests for buying and selling those drugs makes any of the statements in the probable cause affidavit less reliable. As the Court stated when it denied the Motion to Suppress, "it was not so much the credibility of these individuals that provided the basis for probable cause, as it was their actions in obtaining drugs from the High Street residence." (9/19/18 Opinion and Order 7.) They both entered the High Street residence between the time they accepted payment for the drugs and delivered them to the CIs. Because they were not cooperating with law enforcement, but simply going about their drug dealing activity unaware that it was subject to police surveillance, their credibility was not pertinent. Given this role in the drug transactions, whether they were trustworthy and believable, is immaterial. Presumably, that reality explains why the Defendant's arguments in support of suppression relied largely on the premise—which the Court rejected—that the middle men knew they were taking part in controlled drug buys. The Defendant argued that, knowing this, they used the opportunity to sell their own drugs without getting arrested, and to set the Defendant up as the fall guy. The Court was not attempting to be prophetic when it noted that the Defendant's theory did "not explain how the misdeed of selling drugs is not grounds for an arrest simply because those drugs were sourced from somewhere else." (*Id.* 10.)

3

The arrests for illegal activity undertaken during the controlled buys described in the probable cause affidavit does not require a reconsideration of the Court's September 19, 2018, Opinion and Order. Nor is there any reason for the Court to conduct an evidentiary hearing.

**CONCLUSION**

For the reasons stated above, the Court DENIES the Defendant's Motion to Reconsider Opinion and Order of Court Denying Motion to Suppress and Motion for Evidentiary Hearing [ECF No. 48]. The Final Pretrial Conference set for December 31, 2018, at 2:30 PM, and the trial set to begin on January 14, 2019, are confirmed.

SO ORDERED on November 28, 2018.

    s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT