**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:18-CR-1-HAB |
| | ) | |
| SHAWN BACON, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter comes before the Court on Defendant's Motion for a Franks Hearing (ECF No. 57), filed on April 22, 2019. The Government filed its sealed Opposition to Defendant's Request for Hearing Pursuant to *Franks v. Delaware* (ECF No. 64) on May 20, 2019. Having reviewed the Motion and the Opposition, the Court determines that no *Franks* hearing is warranted.

**FACTUAL BACKGROUND**

On December 14, 2017, Detective Craig Wise of the Fort Wayne Police Department ("FWPD") submitted a Search Warrant Affidavit (ECF No. 57-1) to the Allen County, Indiana, Superior Court seeking a search warrant for Defendant's residence.[1] This affidavit has been the subject of two prior rulings by this Court (ECF Nos. 42, 49), so this Court will not repeat a thorough summary of the affidavit.

It is sufficient for this Opinion and Order to note the following testimony from the affidavit. On November 2, 2017, the FWPD received a tip regarding Defendant. The tip stated that Defendant lived at 1728 ½ High Street, that he was a known drug dealer, and that he had been arrested for selling cocaine out of his residence in the past. The tip additionally advised that Defendant had

---

[1] As Defendant notes, Wise submitted substantially the same affidavit on three occasions. (*See* ECF Nos. 57-2, -3, -4). This Opinion and Order applies to all such affidavits.

almost killed the tipster's brother twice by supplying the brother with heroin. Finally, the tip stated

that Defendant used two vehicles (a silver Chevrolet Impala and a black Chevrolet Impala) to

deliver narcotics.

On November 13, 2017, the FWPD received a second tip. This tip advised that Defendant

lived at 1728 High Street in the upstairs apartment and that he was selling heroin, cocaine, and

methamphetamine to his addict friends. The tip also advised that Defendant was a convicted felon

and had multiple guns.

On two occasions (November 16, 2017, and December 7, 2017), the FWPD conducted

"controlled buys" at Defendant's residence. On each occasion, the FWPD utilized a confidential

informant ("CI"). The CI did not perform the buys; instead, the CI recruited one of his/her

acquaintances to purchase drugs from Defendant. According to the affidavit, the acquaintances did

not know that they were involved in a controlled buy.

## LEGAL ANALYSIS

### A.    Standard of Review

Search warrant affidavits are presumed to be valid. *Franks v. Delaware*, 438 U.S. 154, 171

(1978). However, a search warrant is invalid if police officers obtain it by deliberately or recklessly

providing the issuing court with false, material information. *United States v. McMurtrey*, 704 F.3d

502, 504 (7th Cir. 2013). In *Franks v. Delaware*, the Supreme Court defined the procedure,

evidentiary burdens, and proper remedies associated with a defendant's attack on the truthfulness

of statements made in a sworn affidavit supporting the issuance of a search warrant. To obtain a

*Franks* hearing, the defendant must make a "substantial preliminary showing" of (1) a material

falsity or omission that would alter the probable cause determination, and (2) a deliberate or

reckless disregard for the truth. *McMurtrey*, 704 F.3d at 508. "These elements are hard to prove,

and thus *Franks* hearings are rarely held" because a defendant seeking a *Franks* hearing "bears a substantial burden to demonstrate probable falsity." *United States v. Maro*, 272 F.3d 817, 821 (7th Cir. 2001) (citations omitted). "Conclusory, self-serving statements are not enough to obtain a *Franks* hearing." *United States v. Johnson*, 580 F.3d 666, 671 (7th Cir. 2009) (citing *Franks*, 438 U.S. at 171). Allegations of falsehood or reckless disregard for the truth must be "accompanied by an offer of proof." *Franks*, 438 U.S. at 171.

The Seventh Circuit has interpreted the holding of *Franks* to also apply to omissions. *United States v. Williams*, 737 F.2d 594, 604 (7th Cir. 1984) (internal citations omitted). Therefore, a defendant may also challenge an affidavit by showing that the affiant intentionally or recklessly omitted material information. *See id.*; *see also Shell v. United States*, 448 F.3d 951, 958 (7th Cir. 2006); *United States v. Pace*, 898 F.2d 1218, 1232–33 (7th Cir. 1990).

**B.      Anonymous Tips**

Defendant first asserts that Wise intentionally or recklessly omitted the fact that the tips received by the FWPD were anonymous. As a result, Defendant argues, the magistrate was unable to properly make an evaluation of the reliability of those tips. The Court finds that the anonymous nature of the tips is evident from the face of the affidavit and, further, that the information was not material to the probable cause analysis in any event.

While it is true that the word "anonymous" is not used in the affidavit in relation to the tips, it is not difficult to discern the anonymous nature of the tips from the affidavit. *See United States v. A Residence Located at 218 Third Street, New Glarus, Wis.*, 805 F.2d 256, 259–60 (7th Cir. 1986) (noting that inferences should be drawn against holding a *Franks* hearing). Initially, the affidavit specifically identifies by name or designation the CIs and the individuals that purchased the drugs in the controlled buys. The individuals making the tips are not identified. A reasonable

inference to be drawn from this distinction is that Wise did not know the identity of the tipsters. Additionally, the affidavit vouches for the reliability of both CIs, stating that they had "proven to be credible and reliable." No such vouching statement is made for the tipsters. Again, the reasonable inference to be drawn from the distinction between the way the CIs and the tipsters are identified is that Wise did not know, and had no prior relationship with, the tipsters.

In any event, the Court concludes that the information provided by the tips was not material to the probable cause determination. As both Defendant and the Government note, anonymous tips are rarely sufficient to establish probable cause. *Alabama v. White*, 496 U.S. 325 (1990). Here, there is no reason to believe that the issuing judge based the probable cause determinations on the tips. Subsequent to, and apparently based on information independent of, the tips, the FWPD conducted two controlled buys from Defendant. The Court has no difficulty finding that the controlled buys were sufficient to establish probable cause independent of the tips. *See, e.g., United States v. Sidwell*, 440 F.3d 865, 869 (7th Cir. 2006). Therefore, even if the omission of the anonymous nature of the tipsters was intentional, a *Franks* hearing would not be warranted because the omission was not material to the probable cause determination.

C.    **Controlled Buys**

Defendant additionally cries foul at certain factual omissions from the affidavit regarding the controlled buys, including the fact that the purchasing individuals were unknown to Wise prior to the buys, as well as the fact that Wise did not search the individuals prior to the buys. As an initial matter, Defendant cites to no authority, and the Court knows of none, establishing that an affiant is required to put into an affidavit everything he did *not* do. Rather, the test is whether the affidavit contains false or misleading information, or whether material information has been intentionally or recklessly withheld. There are likely a laundry list of things that Wise did not do

in the course of the investigation, either because it was unnecessary or unproductive. This Court is not inclined to find an affidavit deficient simply because Wise did not eliminate all avenues of investigation.

Whether or not Wise should have included this information in the affidavit, it is difficult to imagine how its omission prejudiced Defendant. When, as in this case, the affidavit is the only source of probable cause presented to the judge for a search warrant, "the validity of the warrant rests solely on the strength of the affidavit." *United States v. Peck*, 317 F.3d 754, 755 (7th Cir. 2003). The same is true for whether a controlled buy was conducted properly; the Court can only look to the affidavit to determine whether proper controls were in place. *United States v. Mitchell*, 2006 WL 1043062, at *3. Here, the lack of information regarding the credibility of the purchasers as well as the lack of information regarding a pre-purchase search would be factors weighing against the Government in a probable cause determination. *Id*. at *3–*4. As such, it cannot be said that Defendant was prejudiced by the omission of that information from the affidavit.

Finally, the Defendant asserts that the affidavit contains falsehoods because the affidavit states that officers observed the purchasing individuals entering Defendant's residence. In fact, the officers only observed the individuals entering a door which led to a stairway, at the top of which was the entrance to Defendant's residence. This argument strikes the Court as the height of pedantry. There is no suggestion that the outside door, which was plainly observable to the officers, led anywhere other than to Defendant's residence. Therefore, a reasonable individual could conclude that a person entering the outside door, remaining in the building for a period of time, and emerging with drugs had entered the Defendant's residence and had not simply remained in the stairway. The Court concludes that the officers were merely relating a common-sense description of what they observed, and therefore no intentional falsehood has been shown.

**CONCLUSION**

For the foregoing reasons, Defendant's Motion for a Franks Hearing (ECF No. 57) is

DENIED.

SO ORDERED on June 4, 2019.

        s/ Holly A. Brady
        JUDGE HOLLY A. BRADY
        UNITED STATES DISTRICT COURT