# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Cause No. 1:18-CR-1-HAB |
| SHAWN BACON, | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter comes before the Court on the Government Motion to Continue Pretrial Conference and Trial [ECF No. 68] (the "Motion"), filed on June 11, 2019. Defendant filed his Reply to Government's Motion to Continue [ECF No. 69] on June 14, 2019. The Government filed its Reply to Defendant's Objection to Government's Motion to Continue Pretrial Conference and Trial [ECF No. 71] on June 17, 2019. At its essence, the issue presented in the parties' briefing on the Motion is whether Special Agent Timothy Worthen ("SA Worthen") is an "essential witness" who is "unavailable" during the currently scheduled trial. This Court concludes that he is, and will continue the pretrial conference and trial.

On June 5, 2019, this Court issued a Scheduling Order setting this matter for a final pretrial conference on June 25, 2019, and a four (4) day trial beginning on July 9, 2019. [ECF No. 67]. According to the Motion, the trial date conflicts with the schedule of SA Worthen, who is "out of the state for mandatory training until July 18, 2019." [ECF No. 68 at 2]. According to the Government, SA Worthen is an essential government witness in that he was the investigator that test fired the firearms involved in this case and he conducted all the interstate nexus research. (*Id*.

at 1–2). As a result, the Government claims that a continuance is proper under 18 U.S.C. § 3161(h)(3)(A) and (h)(7)(A). (*Id*. at 2).

Defendant attacks the factual basis for the Motion in his Reply. Defendant does not challenge the importance of SA Worthen's testimony or the existence of the claimed training. Instead, he claims that the Government has not established that SA Worthen was the only agent who could provide the firearm testimony, and further that the Government had not established that SA Worthen could not attend the training at a different date. [ECF No. 69 at 4]. Since the continuance could allegedly hamper Defendant's ability to call witnesses on his behalf (*Id*. at 2), Defendant asks that the Motion be denied.

The Government's Reply largely answers the questions posed in Defendant's Reply. First, the Government explains that not just any ATF agent can provide the necessary firearm testimony. Instead, there are only two ATF agents in the Fort Wayne office that are certified to make interstate nexus determination, SA Worthen and Special Agent Thomas Kaiser. [ECF No. 71 at 4]. The Government argues that it is "not reasonable" to ask Kaiser to perform the same testing and research that had already been performed by SA Worthen and, in any event, Kaiser is also unavailable for the currently scheduled trial. (*Id*.). With respect to the necessity of SA Worthen's training, the Government states that SA Worthen will be teaching at the ATF Academy from July 5, 2019, through July 18, 2019, and that the Academy cannot find a substitute for SA Worthen at this late date. (*Id*.).

The parties do not dispute that the unavailability of an essential witness is grounds for a continuance and for excluding any delay from the Speedy Trial calculation. *See* 18 U.S.C. § 3161(h)(3)(A). As Defendant notes, the legislative history on the Speedy Trial Act indicates that an "essential witness" is "a witness so essential to the proceeding that continuation without the

witness would either be impossible or would likely result in a miscarriage of justice. For example, a chemist who has identified narcotics in the defendant's possession would be an 'essential witness.'" *United States v. Marrero*, 705 F.2d 652, 656 (2nd Cir. 1983); quoting S.Rep. No. 1021, 93d Cong., 2d Sess. 37 (1974). An essential witness is considered "unavailable" when "his whereabouts are known but his presence for trial cannot be obtained by due diligence or he resists appearing at or being returned for trial." 18 U.S.C. § 3161(h)(3)(B).

The Court concludes that SA Worthen is akin to the chemist described in the legislative history. Defendant is charged with a violation of 18 U.S.C. § 922(g)(1). The Government must therefore prove that Defendant was (1) a felon, (2) who had possessed a firearm, (3) that had traveled in interstate commerce. *United States v. Villasenor*, 664 F.3d 673, 680 (7th Cir. 2011). SA Worthen's testimony goes directly to the second and third elements. Since no individual other than SA Worthen can currently present his testimony, the Court concludes that he qualifies as an essential witness. *See also United States v. Allen*, 235 F.3d 482 (10th Cir. 2000) (finding that agent who would testify that the defendant's weapon met the definition of a firearm was an essential witness). The Court also concludes that, given the additional information provided by the Government in its Reply, SA Worthen is unavailable for trial due to his pre-scheduled teaching obligations.

While there may very well be situations where the Government could be compelled to produce a different agent to provide the necessary firearm testimony, it is not this case. Defendant has obtained six prior continuances, and the requested continuance is relatively short. While the Defendant asserts that his witnesses may be unavailable following a continuance due to their transient lifestyle, no specific examples or evidence is provided to support this assertion.

Accordingly, the Court concludes that a continuance to secure the testimony of SA Worthen is appropriate.

This does not mean, however, that the Government has demonstrated it is entitled to a continuance of the requested length. While the Court accepts that SA Worthen is unavailable through July 18, 2019, the Government has provided the Court with no reason or rationale why it cannot take this matter to trial until August 5, 2019. Any excluded continuance based on the unavailability of an essential witness, then, must necessarily end on July 18, 2019. Mindful of the speedy trial clock, the Court determines that a continuance until August 5, 2019, is unnecessary, and instead sets this matter for trial to begin on July 29, 2019.

## CONCLUSION

For the foregoing reasons, the Government's Motion to Continue Pretrial Conference and Trial [ECF No. 68] is GRANTED in part and DENIED in part. The four (4) day trial set for July 9, 2019, is continued to July 29, 2019, at 9:00 A.M before Judge Holly A. Brady. The June 25, 2019, in person pretrial conference is continued to July 15, 2019, at 1:30 P.M. before Judge Holly A. Brady. Counsel only to appear. Any plea agreement in this matter shall be filed no later than the time of the final pretrial conference. The deadline for parties to file pretrial motions or a motion to continue trial-related deadlines is July 8, 2019. A defense motion must include the appropriate reference to the Speedy Trial Act, the proposed length of any requested continuance, the position of the Government, and an indication of agreement by the Defendant.

SO ORDERED on June 19, 2019.

       s/ Holly A. Brady
       JUDGE HOLLY A. BRADY
       UNITED STATES DISTRICT COURT