# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | )   Cause No. 1:18-CR-1-HAB ) |
| SHAWN BACON, | ) ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter comes before the Court on the Government's Motion to Continue Pretrial Conference and Trial (ECF No. 86) filed on July 15, 2019 (the "Motion"). Defendant filed his Reply (ECF No. 88) on July 15, 2019, and this Court heard argument on the Motion during a hearing also held on July 15, 2019. At its essence, the issue presented in the parties' briefing on the Motion is whether Fort Wayne Policy Department Officers J.C. Gutierrez and Jeremy Ormiston are "essential witnesses" who are "unavailable" during the currently scheduled trial. This Court concludes that they are and will continue the trial.

This matter was set for trial pursuant to this Court's Opinion and Order dated June 19, 2019 (ECF No. 72). Subsequently, Defendant filed a Motion to Suppress on July 8, 2019 (ECF No. 73), seeking to bar the introduction of witness reports and testimony based upon alleged discovery violations by the Government. Due to the Motion to Suppress, this Court vacated the July 29, 2019, trial and all related deadlines. The next day, on July 9, 2019, Defendant moved to withdraw the Motion to Suppress and to reinstate the trial date (ECF No. 76). The Motion to Withdraw was granted on July 9, 2019, and the July 29, 2019, trial date was reinstated.

Between the order vacating the trial on July 8, 2019, and the order reinstating the trial on July 9, 2019, Officer Gutierrez made travel arrangements for an out-of-state vacation from July 26, 2019, to August 3, 2019. Officer Ormiston also has pre-arranged travel plans between July 28, 2019, and July 31, 2019. Both officers were involved in the traffic stop of Defendant prior to the execution of the search warrant at Defendant's residence on December 17, 2017. During the stop, Officer Ormiston observed a handgun on Defendant's person, and Officer Gutierrez removed the handgun. In addition, both officers recovered money from Defendant during the stop.

The parties do not dispute that the unavailability of an essential witness is grounds for a continuance and for excluding any delay from the Speedy Trial calculation. *See* 18 U.S.C. § 3161(h)(3)(A). The legislative history on the Speedy Trial Act indicates that an "essential witness" is "a witness so essential to the proceeding that continuation without the witness would either be impossible or would likely result in a miscarriage of justice. For example, a chemist who has identified narcotics in the defendant's possession would be an 'essential witness.'" *United States v. Marrero*, 705 F.2d 652, 656 (2nd Cir. 1983); quoting S.Rep. No. 1021, 93d Cong., 2d Sess. 37 (1974). An essential witness is considered "unavailable" when "his whereabouts are known but his presence for trial cannot be obtained by due diligence or he resists appearing at or being returned for trial." 18 U.S.C. § 3161(h)(3)(B).

The Court concludes that the officers are unavailable, essential witnesses. Defendant is charged with a violation of 18 U.S.C. § 922(g)(1). The Government must therefore prove that Defendant was (1) a felon, (2) who had possessed a firearm, (3) that had traveled in interstate commerce. *United States v. Villasenor*, 664 F.3d 673, 680 (7th Cir. 2011). The officers' testimony goes directly to the second element. Although Defendant asserts that other officers could provide similar testimony, the Court concludes that the Government would likely be unable to connect the

recovered gun to Defendant without the testimony of one or both officers. *See United States v. Allen*, 235 F.3d 482 (10th Cir. 2000) (finding that agent who would testify that the defendant's weapon met the definition of a firearm was an essential witness). The Court also concludes that the officers are unavailable for trial due to their travel plans. Therefore, the Court concludes that the Government's requested continuance is appropriate under 18 U.S.C. § 3161(h)(3)(A).

## CONCLUSION

For the foregoing reasons, the Government's Motion to Continue Pretrial Conference and Trial (ECF No. 86) is GRANTED. The four (4) day trial set for July 29, 2019, is continued to August 5, 2019, at 9:00 A.M before Judge Holly A. Brady. Any defense motion to continue this trial setting must include the appropriate reference to the Speedy Trial Act, the proposed length of any requested continuance, the position of the Government, and an indication of agreement by the Defendant.

SO ORDERED on July 16, 2019.

                                                                      s/ Holly A. Brady
                                                                      JUDGE HOLLY A. BRADY
                                                                      UNITED STATES DISTRICT COURT