# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | Cause No. 1:18-CR-1-HAB |
| | ) | |
| SHAWN BACON | ) | |

**OPINION**

On November 12, 2019, this Court held a Telephonic Sentencing Status Conference during which the Court addressed Defendant's objections to the Presentence Investigation Report (ECF No. 128). The Court's rulings on those objections, as set forth in ECF No. 140, remain undisturbed. The Court writes today for the purpose of expounding upon its basis for sustaining Defendant's objection to paragraph 200 in the original draft Presentence Investigation Report, which determined that Defendant's sentences on Counts 6s and 7s, both under 18 U.S.C. § 924(c), should run consecutively.

By way of background, Defendant was convicted by a jury on August 9, 2019, on all counts of an eight-count superseding indictment. Counts 1s and 2s alleged that Defendant possessed with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1). Count 3s alleged that Defendant was a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Count 4s alleged that Defendant was a felon in possession of body armor in violation of 18 U.S.C. § 931(a)(1). Count 5s alleged that Defendant possessed an unregistered firearm in violation of 26 U.S.C. § 5841. Counts 6s and 7s alleged that Defendant possessed firearms in furtherance of a drug trafficking crime, a short-barreled rifle and a bomb, respectively, in violation of 18 U.S.C. § 924(c). Finally, Count 8s alleged that Defendant maintained a premises for the purpose of manufacturing and distributing controlled substances in violation of 21 U.S.C. § 856(a)(1).

It is important to note that Counts 1s and 2s are related. The only substantive distinction between the two, other than the amounts of controlled substances, is that Count 1s alleges possession in Defendant's home while Count 2s alleges possession in Defendant's vehicle. The Government has never argued that these counts arose out of separate drug operations or activities. Instead, the counts arose out of conduct that was continuous and ongoing in nature, such that Counts 1s and 2s have been grouped for the purposes of sentencing. (ECF No. 142 at 25, ¶ 106). Therefore, the Government alleged, and proved, only one underlying drug trafficking crime.

Section 924(c) states, in relevant part,

**(A)** Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--

**(i)** be sentenced to a term of imprisonment of not less than 5 years;

\* \* \* \*

**(D)** Notwithstanding any other provision of law--

**(i)** a court shall not place on probation any person convicted of a violation of this subsection; and

**(ii)** no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed.

18 U.S.C. § 924(c). Since Defendant's § 924(c) convictions arise out of the possession of a short-barreled rifle and a bomb, he faces mandatory minimums of ten years and thirty years, respectively, on Counts 6s and 7s. 18 U.S.C. § 924(c)(1)(B).

In his objection, Defendant argued that the revisions to § 924(c) enacted by Section 403 of the Fair Sentencing Act require that his sentences for Count 6s and 7s "be imposed concurrently and not 'stacked'." (ECF No. 128 at 2). The Government filed a response (ECF No. 137) in which it argued that the changes to § 924(c) did not affect Defendant's sentence, and further that the language of § 924(c)(1)(D) require that the sentences be run consecutively.

The Court finds the legal basis for Defendant's objection incorrect. As argued by the Government and stated by the probation officer:

> The First Step Act revised section 924(c)(1)(C) by providing that the higher penalty for a "second or subsequent count of conviction" under section 924(c) is triggered only if the defendant has a prior section 924(c) conviction that has become final. The Act did not, however, change any other subsections of the statute.

(ECF No. 132 at 3). Defendant's mandatory minimums are not elevated because of a prior conviction under § 924(c)(1)(C). Instead, they are elevated because of the kind of firearm possessed. The First Step Act, then, has little bearing on Defendant's § 924(c) sentences.

That being said, the Court does not believe that § 924(c)(1)(D) mandates consecutive sentences in this case for each § 924(c) conviction. "[T]he appropriate unit of prosecution under § 924(c)(1) is the predicate offense . . . rather than the number of firearms." *United States v. Mejia*, 545 F.3d 179, 204 (2nd Cir. 2008). Accordingly, "where a defendant has been convicted of a single drug trafficking offense and more than one firearm is involved, a single violation of § 924(c)(1) occurs and multiple consecutive sentences may not be stacked to account for each firearm seized." *United States v. Moore*, 958 F.2d 310, 312–13 (10th Cir. 1992), quoting *United States v. Henning*, 906 F.2d 1392, 1399 (10th Cir. 1990).

This is not to say that multiple § 924(c) convictions in the same indictment could never run consecutively. Where a defendant is convicted of multiple predicate acts, sentences for possession of a firearm in connection with each predicate act must be run consecutively. *United States v.*

3

*Sutton*, 337 F.3d 792, 802 (7th Cir. 2003) (defendant charged with "numerous bank robberies"); *Mejia*, 545 F.3d at 205 (charges "based on two separate drive-by shootings that resulted in the shooting of three separate victims"). Similarly, a sentence under § 924(c) must be run consecutively with a sentence for a separate, but related, firearms possession charge. *United States v. Garrett*, 903 F.2d 1105, 1114 (7th Cir. 1990) (sentences under § 922(g) and § 924(c) must be run consecutively). However, where, as here, there is only one alleged drug trafficking crime, the Government cannot arbitrarily and unnecessarily increase a sentence simply by counting each firearm that was possessed, regardless of whether those firearms are of like kind.

For these reasons, and for the reasons stated on the record, the Court SUSTAINS Defendant's objection to paragraph 200 in the initial draft Presentence Investigation Report and finds that the sentences for Counts 6s and 7s should be run concurrently.

SO ORDERED on November 21, 2019.

                                     s/ Holly A. Brady
                                     JUDGE HOLLY A. BRADY
                                     UNITED STATES DISTRICT COURT