# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 1:18-CR-1-HAB |
| | ) | |
| SHAWN BACON | ) | |

## OPINION AND ORDER

This matter comes before the Court on the Government's Motion to Reconsider Ruling on Concurrent Sentencing of § 924(c) Counts (ECF No. 146), filed on November 22, 2019. The Government argues that this Court erred in its November 21, 2019, Opinion and Order (ECF No. 145), wherein the Court concluded that the sentences for Defendant's two 18 U.S.C. § 924(c) convictions should run concurrently (the "Order"). Defendant filed his Response (ECF No. 148) on December 17, 2019, and the Government filed its Reply (ECF No. 150) on January 10, 2020. This matter is now ripe for ruling.

**A.   Background**

Defendant was convicted by a jury on August 9, 2019, on all counts of an eight-count superseding indictment. Counts 1s and 2s alleged that Defendant possessed with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1). Count 3s alleged that Defendant was a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Count 4s alleged that Defendant was a felon in possession of body armor in violation of 18 U.S.C. § 931(a)(1). Count 5s alleged that Defendant possessed an unregistered firearm in violation of 26 U.S.C. § 5841. Counts 6s and 7s alleged that Defendant possessed firearms in furtherance of a drug trafficking crime, a bomb and a short-barreled rifle, respectively, in violation of 18 U.S.C. § 924(c). Finally,

Count 8s alleged that Defendant maintained a premises for the purpose of manufacturing and distributing controlled substances in violation of 21 U.S.C. § 856(a)(1).

The only substantive distinction between Counts 1s and 2s, other than the amounts of controlled substances, is that Count 1s alleges possession in Defendant's home while Count 2s alleges possession in Defendant's vehicle. The Government has never argued that these counts arose out of separate drug operations or activities. Instead, the counts arose out of conduct that was continuous and ongoing in nature, such that Counts 1s and 2s have been grouped for the purposes of sentencing. (ECF No. 142 at 25, ¶ 106).

The issue of concurrent sentencing was raised by Defendant in his Sentencing Memorandum (ECF No. 139), filed on November 12, 2019. The Court heard argument from the parties on the § 924(c) issue during a telephonic hearing later that day. After preliminarily sustaining Defendant's objection to consecutive sentencing during that hearing, this Court issued the Order. After reviewing interpretations of § 924(c) from the Seventh Circuit and other federal circuits, this Court concluded that "where, as here, there is only one alleged drug trafficking crime, the Government cannot arbitrarily and unnecessarily increase a sentence simply by counting each firearm that was possessed, regardless of whether those firearms are of like kind." (ECF No. 145 at 4). Accordingly, this Court determined that the sentences for Counts 6s and 7s should be run concurrently.

**B.     Legal Analysis**

*1.     Standard of Review*

Interlocutory orders, which have not been taken to judgment or determined on appeal, may be reconsidered at any time by a trial court, and the trial court has discretion to make a different determination on any such matters. *Cameo Convalescent Ctr. Inc. v. Percy*, 800 F.2d 108, 110 (7th

Cir. 1986). However, this Court's rulings "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure," and "ill-founded requests for reconsideration of matters previously decided . . . needlessly take the court's attention from current matters and visit inequity upon opponents who, prevailing in an earlier proceeding, must nevertheless defend their position again and again." *Berger v. Xerox Ret. Income Guar. Plan*, 231 F. Supp. 2d 804, 820 (S.D. Ill. 2002).

*2. Discussion*

The primary argument advanced by the Government is that, because Counts 1s and 2s would survive a double jeopardy challenge, they are separate predicate acts that support multiple, consecutive sentences under § 924(c); "each of the separate drug counts could survive a Double Jeopardy challenge since they were different transactions." (ECF No. 146 at 3). Relying primarily on double jeopardy cases, the Government concludes that "it is clear that Bacon's possession of two distinct stashes of packaged quantities of different mixtures of several different drugs constitute two separate drug offenses. As such, the imposition of consecutive terms of imprisonment on Count 6s and Count 7s is both proper and mandatory." (ECF No. 150 at 10).

The Government's position is not without support. In *United States v. Cappas*, 29 F.3d 1187 (7th Cir. 1994), the Seventh Circuit held:

> While a defendant cannot be convicted twice under § 924(c) for using two guns in connection with the *same* drug trafficking or violent offense, separate convictions are permissible so long as the court's instructions require the jury to connect each gun use to a *separate* predicate offense. And by "separate offense," we mean no more than that the two cannot be the same offense for double jeopardy purposes.

*Id*. at 1190 (citations omitted) (original emphasis). The Government reasonably interprets this language to mean that, so long as the predicate offenses can survive a double jeopardy challenge, multiple § 924(c) convictions are appropriate. Indeed, the Seventh Circuit later goes on to state

3

that if each § 924(c) count had been tied to a different underlying predicate act, *Cappas* "would be an easy case." *Id*. at 1190.

The problem with Government's reliance on this quote from *Cappas* is that the Seventh Circuit significantly limited its application in *United States v. Cureton*, 739 F.3d 1032 (7th Cir. 2014). There, the court stated:

> Read out of context, some of our language in *Cappas* might suggest that so long as there are different predicate offenses, like here, multiple § 924(c) convictions can result. But we clearly did not hold that multiple § 924(c) convictions may result from predicate offenses committed simultaneously and without any differentiation in conduct, and a single use of a firearm, as that was not an issue before us there.

*Id*. at 1042. The Government's citation to the *Cappas* language, presented without context, appears to reach the very conclusion the Seventh Circuit expressly repudiates in *Cureton*.

The reason that different predicate offenses alone do not support multiple convictions stems from a misunderstanding that both the Government and this Court's Order share. In the Order, this Court stated, relying on *United States v. Mejia*, 545 F.3d 179 (2nd Cir. 2008), "the appropriate unit of prosecution under 924(c)(1) is the predicate offense." (ECF No. 145 at 3). The Government repeats this finding in support of its Motion to Reconsider. (ECF No. 150 at 2). But the Court's statement was incomplete, at best. As *Cureton* makes clear, it is not enough "to look simply at the predicate offense." *Cureton*, 739 F.3d at 1043. Instead, the "unit of prosecution is the use, carriage, or possession of a firearm during and in relation to a predicate offense." *Id*.

*United States v. Cejas*, 761 F.3d 717 (7th Cir. 2014), further narrows the scope of the "unit of prosecution." There, the Seventh Circuit repeated *Cureton*'s formulation of the unit of prosecution but added "as long as there is some meaningful difference in the conduct that led to each predicate offense" to the calculus. *Id*. at 731. *Cejas*, then, stands for the proposition that

4

sentencing on multiple § 924(c) convictions is only appropriate where the predicate acts are "based on separate and distinct conduct." *Id*.

With *Cureton* and *Cappas* in mind, the Court finds the Government's focus on whether Counts 1s and 2s could survive a double jeopardy challenge unnecessarily myopic. Instead, the proper focus is on whether there was "some meaningful difference in the conduct" underlying Counts 1s and 2s, such that the Counts were "based on separate and distinct conduct." On this point the Court reaches the same conclusion it did in its Order. Counts 1s and 2s do not allege separate and distinct conduct, but instead the same simultaneous conduct in different locations. There was no evidence or argument presented at Defendant's trial that would support a finding that Counts 1s and 2s were based on separate and distinct conduct. Instead, this case presents little more than the possession of multiple firearms during the simultaneous possession of multiple controlled substances, where "a sensible construction dictates . . . only one offense under § 924(c)(1), and the sentences under § 924(c)(1) should be for one offense only." *United States v. Johnson*, 25 F.3d 1335, 1338 (6th Cir. 1994) (*cited with approval by Cureton*, 739 F.3d at 1044). The Court is further convinced of the correctness of its prior decision by what the Government does not argue. In its Order setting a briefing schedule on the Government's Motion to Reconsider, this Court expressly asked the Government to "address how the situation at bar is different in a practical sense from an individual who uses multiple firearms in connection with a single drug conspiracy, a situation which does not support multiple § 924(c) convictions." (ECF No. 147 at 2). The closest the Government comes to complying with this request is its conclusory statement that "[t]he analysis applicable to § 924(c) offenses in conspiracy cases does not apply to Bacon's case." (ECF No. 150 at 3).

The reason the Court sought input on this specific issue is the apparent inequity that results from the Government's position; namely, that drug kingpins are favored over lone dealers. *See Johnson*, supra. Consider, for example, an individual who is the head of a large drug conspiracy and who possessed guns and drugs under the same circumstances as Defendant. Under the Government's logic, that individual could only be charged with, and sentenced under, a single § 924(c) count because the conspiracy would be the sole predicate offense. *See Cappas*, supra. The lone dealer, on the other hand, receives an additional ten years on his sentence because his drug possession is charged as different crimes. The Court can conceive of no sound legal basis for this discrepancy, and the Government provides none.

Although the Court reaches the same conclusion as it did in the Order with respect to the propriety of multiple § 924(c) sentences, reconsideration is nonetheless warranted to address how Defendant's multiple § 924(c) convictions are handled. At the Government's request, this Court will merge Counts 6s and 7s, consistent with *United States v. Bloch*, 718 F.3d 638, 643–44 (7th Cir. 2013). Specifically, Defendant's conviction under Count 7s will be vacated and merged with the conviction under Count 6s. Following merger, the statutory mandatory minimum for Defendant's § 924(c) conviction is 360 months.

**C.     Conclusion**

For the foregoing reasons, the Government's Motion to Reconsider (ECF No. 146) is GRANTED. The Court REAFFIRMS that part of the Order sustaining Defendant's objection to paragraph 200 in the original presentence investigation report. The Court VACATES Defendant's conviction on Count 7s and finds that it should be merged with the conviction on Count 6s. The probation officer is DIRECTED to prepare a revised presentence investigation report consistent with this Opinion and Order.

SO ORDERED on January 17, 2020.

                                           s/ Holly A. Brady
                                          JUDGE HOLLY A. BRADY
                                          UNITED STATES DISTRICT COURT